UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ALIREZA RAHMANI,<br><br>    Defendant. | No. CR 07-70629 EMC<br><br>ORDER DETAINING DEFENDANT PENDING TRIAL |

Defendant Alireza Rahmani is charged with transporting child pornography in foreign commerce in violation of 18 U.S.C. § 2252(a)(1). He made his initial appearance on October 26, 2007. On October 31, 2007, the Court heard the United States' motion to detain the defendant without bail pending trial. Defendant, present and in custody, was represented by Assistant Federal Public Defender Daniel Blank. The United States was represented by Assistant United States Attorney Tarek Helou. The parties proceeded by proffer. Both sides had an opportunity before the hearing to review a report prepared by Pretrial Services. The Court also heard from Defendant's brother-in-law, who spoke for himself and for other family members. Although there currently is an ICE hold on the Defendant, Defendant seeks release on the instant charges, expressing some confidence that the ICE hold would be lifted.

After considering the evidence and the parties' arguments, the Court orders that Defendant be detained pending trial. The Court finds by a preponderance of the evidence, in this

ORDER RE: DETENTION
CR 07-70629 EMC                              1

1 close case, that a serious risk exists that Defendant will flee and that, under 18 U.S.C. § 3142(e),
2 no condition or combination of conditions will reasonably assure his appearance as required for
3 the following reasons:

4     1.    Defendant lives in Germany, and has spent little time in the U.S.;

5     2.    Defendant has strong ties to Germany, as his job is there and he has a
6 girlfriend with whom he lives there;

7     3.    Defendant does not reside and has not resided in the United States and is
8 not and has never been a citizen or resident of the United States;

9     4.    Defendant last visited his family members in the United States in 2004;

10     5.    In the case at bar, Defendant came to the U.S. on a short-term visitor visa,
11 indicating that he intended to leave the U.S. soon after he arrived on October 25, 2007;

12     6.    If convicted, Defendant faces a mandatory minimum prison sentence of 5
13 years, and up to 20 years, and that the length of a potential sentence creates a strong incentive for
14 Defendant to flee; and

15     7.    The government proffered there is substantial evidence supporting the
16 charge herein as Defendant was found by ICE agents to be in possession of CDs containing
17 images of child pornography.

18 On the other hand, Defendant has family ties to the United States and to this area. His
19 mother, father, three sisters and a brother-in-law live in the Bay Area. They all attended the
20 detention hearing to express their support. His sister and brother-in-law have offered to post two
21 properties in which they have approximate total equity of $280,000. Moreover, Defendant's
22 travel documents have been seized, although as the government pointed out, that does not
23 necessarily preclude his travel out of the country by car. Defendant's family offered to post a
24 secured bond and let Defendant live with them, and he agreed to submit to conditions such as
25 electronic monitoring.

26 Nonetheless, the Court concludes reluctantly that the government has met its burden of
27 proving by preponderance of the evidence that the conditions proffered do not reasonably assure
28 that Defendant will appear as required. Defendant has a substantial incentive to flee given the

ORDER RE: DETENTION
CR 07-70629 EMC        2

risk of conviction and potential mandatory minimum sentence. His most compelling ties are to Germany. The Court notes this case stands in contrast to the facts in *U.S. v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985) (defendant was permanent resident of the U.S., lived in the U.S. for 9 years and had applied for citizenship, had 85 relatives in the U.S., and had little incentive to return to Iran from which the family had fled). As stated at the hearing, however, given Defendant's family support, this case present a close question.

Based on the foregoing, the government's motion for detention is GRANTED. IT IS HEREBY ORDERED that:

1. Defendant be detained pending trial under 18 U.S.C. § 3142;

2. Defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeals;

3. Defendant be afforded reasonable opportunity for private consultation with his counsel; and

4. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility where Defendant is confined shall deliver Defendant to an authorized Deputy U.S. Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED

DATED: November 2, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge

ORDER RE: DETENTION
CR 07-70629 EMC                                    3